UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-07-2815 |
| | § | |
| BEAN CONSTRUCTION, L.P., *ET AL.*, | § | |
|     *Defendants*. | § | |

## ORDER

This contractual indemnity case is before the court on Plaintiff's motion for summary judgment (Dkt. 24).[1]  Defendants have not responded.[2]

**Facts and Analysis**

The following facts are undisputed and established by the record.  Plaintiff issued performance and payment bonds to defendant Bean Construction, L.P., as principal. Defendants executed an Agreement of Indemnity pursuant to which each agreed to indemnify plaintiff against every claim and expense that plaintiff, as surety, may pay or incur due to the bonds or defendants' default[3]  Bean used the bonds to secure government contracts.

---

[1]    The parties have consented to the jurisdiction of this magistrate judge for all purposes including final judgment (Dkt. 14).

[2]    *See* Dkt. 25.

[3]    Agreement of Indemnity, plaintiff's Ex. A.

Claims were made against the payment and performance bonds in the total amount of $1,019,015.02.[4] Plaintiff settled the claims. Plaintiff incurred additional actual damages for costs and fees to resolve the claims in the amount of $51,441.01.[5]

On March 29, 2006, plaintiff made a demand under the Agreement of Indemnity for defendants to provide collateral in the amount of $1,200,000.[6] On August 31, 2007, plaintiff made a demand for payment under the Agreement of Indemnity in the amount of $1,023,678.60.[7] Defendants have not paid, and are therefore in default.

Plaintiff is entitled to reasonable attorneys fees in the amount of $10,000 for pursuing this case, plus an additional $10,000 if appeal is taken to the United States Court of Appeal, and an additional $10,000 if appeal is taken to the United States Supreme Court.[8]

Defendants' default under the Agreement of Indemnity also entitles plaintiff to pre-judgment interest at the rate of 8.25% commencing 30 days of the date of demand, in this case September 30, 2007, through the date of final judgment. TEX. FIN. CODE § 302.002.

---

[4]  Affidavit of Theodore J. Gryfinski, plaintiff's Ex. B.

[5]  *Id.* This amount is comprised of consulting costs and fees of $36,428.51, and attorneys' fees for resolving the payment and performance claims in the amount of $15,012.50.

[6]  Collateral demand letter, plaintiff's Ex. C.

[7]  Payment demand letter, plaintiff's Ex. D.

[8]  Affidavit of Chris E. Ryman, plaintiff's Ex. E.

**Conclusion and Order**

Plaintiffs have met all conditions for recovery of its damages under the Agreement of Indemnity.[9] Defendants have presented no evidence to the contrary, nor have they presented any evidence to counter the damages sought by plaintiff. It is therefore ordered that plaintiff's motion for summary judgment (Dkt. 24) is granted. It is further ordered that defendants' counterclaim is dismissed with prejudice.

The court will issue a separate final judgment.

Signed at Houston, Texas on May 12, 2008.

Stephen Wm Smith
United States Magistrate Judge

---

[9] *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (the elements of a cause of action for contractual indemnity are (1) a contractual indemnity agreement exists; (2) the indemnity agreement obligates defendants to indemnify the surety for claims made on bonds issued; (3) claims on the bonds were made; (4) all conditions precedent for recovery has occurred, been performed, waived, or excused; and (5) the surety has been damaged.